IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA WHITTLE, *On behalf of B.A.W., a minor*, <br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting <br> Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 12-4116-CV-DPR |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Supplemental Security Income to Plaintiff Patricia Whittle, on behalf of her minor daughter, B.A.W., in a decision dated October 8, 2010 (Tr. 12-23). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that the ALJ erred in failing to properly consider the testimony of the claimant's mother when determining whether or not the claimant's impairment functionally equaled the listings (Doc. 18). The Court has thoroughly reviewed the claimant's medical records, the opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole.

In determining whether a child is disabled, the Commissioner uses a three-step evaluation. At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the child has an

Case 2:12-cv-04116-DPR   Document 25   Filed 09/25/13   Page 2 of 4

impairment or combination of impairments that is severe. At step three, the ALJ decides whether the claimant's impairment or combination of impairments meets or medically equals a listing, or functionally equals a listing. *See Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 721 (8th Cir. 2005); 20 C.F.R. § 416.924. To determine whether an impairment or combination of impairments functionally equals a listing, the ALJ assess the claimant's functioning in six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for self; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1). An impairment functionally equals a listing when it results in "marked" limitation in two domains of functioning, or an "extreme" limitation in one domain. *See England v. Astrue*, 490 F.3d 1017, 1020 (8th Cir. 2007); 20 C.F.R. § 416.926a(a).

At step one, the ALJ found that the claimant had not engaged in substantial gainful activity. At step two, she found that the claimant suffers from McKusick-Kaufman syndrome, a severe impairment. At step three, the ALJ found that the impairment did not meet or medically equal a listed impairment. She then determined that the impairment did not functionally equal the listings. In so finding, the ALJ determined that the claimant had no limitations in acquiring and using information, in attending and completing tasks, in interacting and relating with others, and in caring for herself. She further found that the claimant was less-than-markedly limited in moving about and manipulating objects, and in health and physical well-being. The ALJ's determination is supported by substantial evidence in the record, including the claimant's medical records, the claimant's own testimony, the testimony of her mother, and the opinions of physicians and teachers.

Based upon review of the evidence of record, the Court finds substantial evidence to

support the ALJ's decision.  Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference.  Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  September 25, 2013**

 /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**